IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**ANGEL O. IRIZARRY-CENTENO**<br>**Defendant,** | Misc. No. 98-175 (HL) |

**UNITED STATES' MOTION TO DISMISS**
**PETITIONER'S RULE 41(g) MOTION**
**FOR RETURN OF SEIZED PROPERTY**

TO THE HONORABLE COURT:

NOW COMES, the United States of America, through the undersigned attorneys, and without submitting to the jurisdiction of the Honorable Court, respectfully states and prays as follow:

**Introduction**

Defendant has filed a Motion for Return of Property as part of the present criminal case, even when the property was seized from defendant on a different date from the date of the indictment that supports the above captioned case. The currency referred to by defendant in his motion was seized and administratively forfeited on December 30, 1993, that is, twelve years ago as part of a larger amount of U.S. Currency. Consequently, the DEA has kept only the main documents related to the proceedings, some of which are attached to the present motion as exhibits. In respectful compliance with this Court's order of March 1, 2006, the United States hereby opposes defendant's request for lack of jurisdiction, failure to state a claim within the statutory limitations on due process challenge, lack of jurisdiction under Rule 41(e) and lack of standing.

## Factual Background

The amount of $11,099.00 was part of the larger amount of $20,105.00 seized on September 18, 1993, by DEA Agents at the Luis Muñoz Marin International Airport, in Carolina, Puerto Rico. On said date, DEA Task Force Agent Pablo A. Ramos and other Puerto Rico Police Task Force Agents seized $20,105.00 from Angel O. Irizarry-Centeno (Irizarry Centeno) and Edgardo Luis Hernandez (Hernandez) who attempted to smuggle the currency from Puerto Rico to New York on American Airlines flight 1290.

At the time, the Task Force Agents inquired from both individuals the amount of currency they were carrying and they stated that they were carrying approximately $5,000.00. When asked to identify themselves, the agents noticed that the names provided did not match the names printed on the airline tickets that they were carrying. The agents advised both individuals of their rights and asked them to accompany them to the Police Station were they were interviewed. According to their statements they informed Task Force DEA Agent Ramos that the money did not belong to them but to a man named Freddy Lopez-Padilla. During the interview Irizarry -Centeno and Hernandez gave conflicting stories regarding the purpose of transporting said amount of currency; at one point they stated that it was going to be used to purchase vehicles and at another point they said that the money would be used to buy horses.

In view of the inconsistencies in their testimonies, in the names provided versus the names on their plane tickets and the pursuant to the violation of the reporting requirements established by law, the currency was administratively seized. On November 15, 1993, Notice of Forfeiture was

sent to Angel O. Irizarry Centeno at the address he provided ( See Exhibit 1) and Notice of Intent to Forfeit was published in El Nuevo Dia, a newspaper of general circulation in Puerto Rico, on November 24, 1993 (Exhibit 2).  Upon failure to file a claim by any of the individuals from which the currency was seized, the DEA administratively forfeited the currency on December 30, 1993 (Exhibit 3).

## Applicable Law

Scope of Review

District Court has jurisdiction to review administrative forfeiture violations of due process under Title 18 U.S.C. section 983(e), but may not review the merits.  See *Valderrama v United States*, 417 F. 3d. 1189 (11 Cir. 2005)(claimant may only seek relief under 983(e) when the Government has failed to comply with the notice requirements; he may not challange the forfeit ability of the property.  Court lacks jurisdiction to consider defendant's Fourth Amendment objections to the administrative forfeiture of his property when he could have contested the forfeiture by filing a claim. *United States v Moore*, 2005 WL 1155863 (E.D.La 2005).

Additionally, section 983(e)(3) provides that claimant must file the challange to the administrative forfeiture no later than five (5) years after the date of final publication of notice of seizure of the property.  Most courts however held that the claimant had 6 years to file a challange to an administrative forfeiture, prior to the enactment of the Civil Asset Forfeiture Reform Act of 2000.  See *United States v. Minor*, 228 F 3d 352 (4th Cir 2000); *Clymore v. United States*, 217 F 3d 370 (5th Cir. 2000).   Therefore, defendant Irizarry-Centeno's request is time barred.

On the other hand, Rule 41 (e) of the Federal Rules of Criminal Procedure reads as follow:

> A person aggrieved by an unlawful search and seizure
> or by the deprivation of property may move the

>district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property . . .

However, Rule 54(b)(5) clearly and unequivocally states that the Federal Rules of Criminal Procedure are not applicable to the civil forfeiture of property for violation of a statute of the United States. There is, nevertheless, some cases which would tend to suggest otherwise, mostly in cases that present different circumstances from the ones found in the present case.

In the case of <u>United States v. Giraldo</u>, 45 F.3d 509 (1st Cir. 1995), the Court of Appeals held that "district courts have jurisdiction to entertain collateral due process attacks on administrative forfeitures." Quoting from <u>Sarit v. United States Drug Enforcement Administration</u>, 987 F.2d 10, 17 (1st Cir. 1993), the Court of Appeals expressed that:

>Whereas most challenges to forfeiture would be foreclosed by a plaintiffs'(sic) failure to utilize the mechanism for obtaining judicial relief provided in the forfeiture statute and regulations, courts have entertained challenges to the adequacy of notice, reasoning that the mechanism is not available to a plaintiff who is not properly notified of the pending forfeiture.

The Court of Appeals in <u>Giraldo</u> further held that when criminal proceedings have been completed, the district court should treat a Rule 41(e) motion as a civil complaint. <u>Giraldo</u>, at 511.

We believe, however, that <u>Giraldo</u> does not apply to the facts before us. First, Irizarry-Centeno failed to file a claim in the administrative proceedings initiated after the currency was seized from him and Hernandez. The United States Supreme Court has recognized the authority of the district courts to entertain Rule 41(e) motions in cases where the government has delayed in filing a civil forfeiture, <u>United States v. $8,850 in U.S. Currency</u>, 461 U.S. 555, 569 (1983),

however, this is not the situation in the present case. Consequently, *Giraldo*, does not apply to the facts involved in this case.

Furthermore, the Eighth Circuit Court of Appeals in *In re Harper*, 835 F.2d 1273, 1274, held that this power is extraordinary and should be exercised with caution and restraint, and that the courts will refrain from exercising it if a claimant has an adequate remedy at law, as Irizarry-Centeno has here. Thus, if we were to concede that the Honorable Court has jurisdiction to entertain Irizarry -Centeno's petitions, the court would have to show restraint and caution in exercising that authority.

Standing

Moreover, Irizarry-Centeno has failed to establish that he has standing to request the return of the currency seized from him, particularly since he stated that the currency did not belong to him.

Standing is a threshold question in every forfeiture case. Claimant has to show and establish article III standing in order to file a claim over property seized. *United States v Real Property Located at 5208 Los Franciscos Way*, 385 F. 3d 1187 (9th Cir. 2004). Claimant bears the burden of proof to establish his standing and in the present case Irizarry-Centeno has failed to meet his burden. See, United States v 1998 BMW I Convertible, 235 F. 3d 397 (8th Cir. 2000)(at the outset, claimant must be able to show a facially colorable interest in the proceedings sufficient to satisfy Article III standing).

**Conclusion and Prayer**

Therefore, contrary to Irizarry-Centeno 's weak assertions, he does not have a right to the return of the seized property. The United States submits that this Honorable Court has no jurisdiction to entertain Irizarry-Centeno's request, his request is time barred and he lacks standing

to present a request for return of property in the present case.

WHEREFORE, the United States respectfully requests from the Honorable Court that defendant's motion be dismissed.

I do hereby certify that on this date I electronically filed the forgoing motion with the Clerk of this Court using CM/ECF system which will sent notice of such filing to appearing parties and a copy was sent to defendant at his present address.

RESPECTFULLY SUBMITTED

Iin San Juan, Puerto Rico, this 20th, day of March, 2006.

H.S. GARCIA
United States Attorney

*/s Maritza González*
MARITZA GONZALEZ
Assistant United States Attorney
USDC-P.R. # 208801
Suite 1201 Torre Chardon
250 Carlos Chardón St.
Hato Rey, P.R.  00918
Tel. 766-5656   Fax 766-6219