IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | CRIMINAL NO. 98-175 (HL) |
| Plaintiff, | * | |
| vs. | * | San Juan, Puerto Rico |
| **ANGEL O. IRIZARRY CENTENO,** | * | April 26, 2000 |
| Defendant. | * | 9:50 a.m. |
| -------------------------------- | * | |

SENTENCING HEARING

BEFORE THE HONORABLE **HECTOR M. LAFFITTE**,
UNITED STATES DISTRICT CHIEF JUDGE

BARBARA DACHMAN, RPR, OCR
(787) 722-0132
barbarad@prtc.net



EXHIBIT C

```
 1   Circuit 1992); U.S. v. Hughes -- H-U-G-H-E-S -- 924 F.2d
 2   1354 (6th Circuit 1991).
 3         And if you take a look at those two sentences and
 4   those two offenses -- I mean the two priors, they state --
 5   the Commonwealth drug felony convictions -- they clearly,
 6   unambiguously reveal that they are separate, discrete
 7   criminal episodes and were not part or form a single
 8   criminal episode.
 9         So based on that consistent case law -- and of course
10   I do find, even without this case law, I do find that they
11   are separate and discrete and not part of the same episode
12   but of different episodes.
13         So that is denied, counsel.
14         MR. RIVERA: What calls my attention also, your
15   Honor, is the fact that these offenses were supposedly -- I
16   mean, these offenses occurred within the time frame of the
17   conspiracy and I believe ran from early 1990s. Exactly.
18   From about 1993 to 1997.
19         So although this defendant was convicted in Ponce in
20   1993 of this drug possession of heroin and cocaine, 1992
21   and 1993, for that matter those convictions are dated those
22   dates, still, your Honor, that would be part of the same
23   conspiracy for which he is now being convicted. So he will
24   be punished -- I mean, the Court, by issuing a sentence
25   today of mandatory life imprisonment, will be in fact
```

1  punishing the defendant twice for the same offense.
2      In other words, in 1993 he was convicted of
3  possession of heroin. Then the conspiracy runs in this
4  case, the indictment says that it runs from about 1993 to
5  October 17, 1997, including Juana Diaz and Ponce. Ponce is
6  the area where the defendant was detained with those drugs.
7      So an argument can be made, your Honor, that by the
8  Court enhancing the defendant's sentence today, then it
9  will be taking into consideration a prior offense which
10 covered the period of the conspiracy.
11     THE COURT: Let me see if I understand your
12 argument.
13     You are saying that this case and the local case are
14 related?
15     MR. RIVERA: I mean, you can argue that
16 because --
17     THE COURT: First of all, one of the cases -- I
18 think it's the conviction -- happened in 1992, before the
19 period covered by this conspiracy.
20     MR. RIVERA: Exactly. Then that had been out.
21     THE COURT: And the second case, which occurred
22 on July 23, 1993, that case was a possession.
23     MR. RIVERA: Possession of heroin.
24     THE COURT: Yeah, but here it is possession with
25 intent to distribute. A different case.

1   MR. RIVERA: It's different, your Honor, because
2   at that time he was caught with a small amount on his
3   person. But what I am trying to convey to the Court is
4   that it covers the same period of time.
5   THE COURT: Well, let me hear the --
6   MR. RIVERA: -- and will then be subject to an
7   enhanced sentence, and that could be unfair to this
8   defendant.
9   THE COURT: Well, let me hear from the
10  Government.
11  MS. COLON: Yes, your Honor.
12  Those two cases are not related to the conspiracy.
13  They were before the conspiracy started. And also there is
14  case law as to the effect that even if those overt acts,
15  they are considered overt acts for the conspiracy, for the
16  effect of the enhancement for the information in this case,
17  they don't count. What the law looks at is convictions.
18  It doesn't matter if they are part of the same conspiracy.
19  THE COURT: Well, that's the case that you cite
20  in U.S. v. Garcia --
21  MS. COLON: Yes, your Honor.
22  THE COURT: -- and U.S. v. Rice, holding that
23  "convictions that occur on different occasions are separate
24  offenses under Section 841(b)(1)(A), even though the
25  criminal acts were part of an overreaching conspiracy."

BARBARA DACHMAN, RPR, OCR

1  And then it is citing U.S. v. Garcia, 32 F.3d 1017 (7th

2  Circuit), and also cited U.S. v. Pace, 981 F.2d 1123.

3      So, counsel, it seems to me that I don't think that

4  your objection is well taken.

5      Any other objection?

6      **MR. RIVERA:** No, your Honor.

7      I just wanted to clarify that at that time, on

8  July 23, 1993, when the defendant was accused or charged

9  with possessing heroin, you should be reminded, your Honor,

10 that the defendant, according to the evidence portrayed in

11 court -- and also as stated by the Court -- from one of

12 those witnesses was that the defendant was the owner of a

13 heroin drug point in Ponce. So if his house was invaded by

14 agents pursuant to court order and warrant and they

15 searched his house and they found heroin, we can only

16 conclude that it was part of the heroin that was being sold

17 in that drug point that the witness in court stated he was

18 the owner. So I believe it's part of the same conspiracy.

19     Your Honor, what I am trying to convey to the Court

20 is that it's unfair that this defendant gets sentenced to

21 life imprisonment.

22     **THE COURT:** Counsel, I know. I have given a lot

23 of thought to that. I will get to that later.

24     Let me hear from the Government again.

25     **MS. COLON:** Your Honor, the law is clear. In

```
 1  Article 851 --
 2          THE COURT:  You mean 18 U.S.C. --
 3          MS. COLON:  No, 21 U.S.C. 851.  It refers only to
 4  convictions.  It doesn't matter what kind of convictions
 5  they are.  Drug convictions.  It doesn't matter if they are
 6  part of the conspiracy, they are an overt act of the same
 7  conspiracy.  The law requires -- the only thing the law
 8  requires are two prior convictions.  The law is clear about
 9  it, and there is case law about it, regarding that point.
10          There is another case in United States v. Pace
11  holding that "five separate substantive counts of
12  possession of large quantities of marijuana based on events
13  occurring over a six-month period constitute separate
14  criminal episodes that occurred at distinct times, even
15  though the substantive offenses were also alleged as overt
16  acts in support of the conspiracy and rejecting the
17  argument that overt acts accomplished in support of the
18  conspiracy were not separate criminal episodes."
19          THE COURT:  Anything else?
20          MR. RIVERA:  No, your Honor, that will be all.
21          THE COURT:  I will hear you in mitigation of
22  punishment.
23          MR. RIVERA:  Essentially, your Honor --
24          THE COURT:  Let me say that the Government's
25  brief is a comprehensive brief and well expressed, and I
```

don't think I have to add anything to it based upon the facts in this case. The law is applicable and the brief is complete.

Yes, I will hear you, counsel.

**MR. RIVERA:** Your Honor, essentially I believe that -- and I have been thinking about this case a lot too, and although the law and some of the cases interpreting that law are in support of the Government's theory that defendant should be sentenced to a mandatory life imprisonment, it is very unfair, your Honor, to charge the defendant with a conspiracy that covers from 1993 to 1997, then, because the defendant has a conviction for those very same drugs that he was selling during that part of the conspiracy, to enhance his sentence to a mandatory life imprisonment. If some Circuits have decided that or this Circuit has decided that, that has created, your Honor, an immense -- a great unfairness in this case, and I am pretty sure that in a hundred years from now, your Honor, people will look back in history and say, "What is going on at that time that people were sentencing people -- the courts were sentencing people with enhanced sentence to a hundred years, to life imprisonment, from the same set of imperative facts, counting one previous federal drug offense that came out from the same indictment that the defendant was then sentenced to?"